

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00123-CR
No. 07-19-00124-CR
No. 07-19-00125-CR

PAUL CHARLES NEATHERLIN, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 385th District Court
Midland County, Texas
Trial Court Nos. CR48092, CR48259, & CR49181, Honorable Robert H. Moore, III, Presiding

April 12, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In 2017, appellant Paul Charles Neatherlin, Jr. was convicted of possession of a controlled substance,[1] fraudulent use or possession of identifying information,[2] and failure to appear in accordance with the terms of his release.[3]  He was sentenced to ten years'

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017).

[2] TEX. PENAL CODE ANN. § 32.51(c)(2) (West 2016).

[3] TEX. PENAL CODE ANN. § 38.10(f) (West 2016).

imprisonment for each conviction, but his sentences were suspended in favor of community supervision for five years. On February 15, 2019, the trial court revoked appellant's community supervision and imposed the original sentences. Appellant filed a notice of appeal from each conviction in the Eleventh Court of Appeals. The appeals were subsequently transferred to this court by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We dismiss the appeals for want of jurisdiction.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In a criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). This deadline can be extended if, within fifteen days of the deadline, appellant files a notice of appeal and a motion for extension of time. TEX. R. APP. P. 26.3. When a notice of appeal but no motion for extension of time is filed within the fifteen-day extension period, an appellate court lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for want of jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

The trial court revoked appellant's community supervision and sentenced appellant on February 15, 2019. Because no motion for new trial was filed, appellant's notice of appeal was due within thirty days after the sentences were imposed, by March 18, 2019. *See* TEX. R. APP. P. 26.2(a)(1), 4.1(a). Appellant filed his notices of appeal on March 25, 2019, within the fifteen-day extension period, but did not file a motion for extension of time. *See* TEX. R. APP. P. 26.3. By letter of March 28, the Eleventh Court of Appeals notified appellant that his notices of appeal were filed untimely and that the

2

appeals could be dismissed if he did not file a motion for extension of time within the fifteen-day extension period, by April 2. Appellant did not file a motion for extension or respond to the court's letter.

Because appellant's untimely filed notices of appeal prevent this court from acquiring jurisdiction over the appeals, we dismiss the appeals for want of jurisdiction.

Per Curiam

Do not publish.